After further reflection, I am convinced the majority opinion is wrong. I hereby withdraw my concurrence with it.
The majority's opinion is premised upon the erroneous concept "that representation of indigents under a court order without fee is a traditional obligation of the Bar and therefore a condition under which lawyers are licensed to practice as officers of the court." There may be an "obligation of attorneys to serve indigents," but, at most, it is only a moral obligation, not a legal one, unless the attorney is directed to perform such services by a court. If so directed, however, are attorneys required to serve without compensation? I think not. In any event, several attorneys have challenged the statement that they agreed to perform services free of charge as a condition of their licensure. They are now joined by the Alabama State Bar. The *Page 535 
Alabama State Bar, in an amicus curiae brief in support of the application for rehearing, states:
 "As was stated in the case of County of Dane v. Smith, [13 Wis. 585] Supreme Court of Wisconsin (1861), `We do not believe that the legislature have the power generally to say to the physician, the surgeon, the lawyer, the farmer, or anyone else, that he shall render this or that services, or perform this or that act in the line of his profession or business without remuneration.'"
I agree. Can the state appropriate the services of a physician, a surgeon, a farmer or anyone else, without compensation? The answer is obviously in the negative. Neither should attorneys be forced to perform services as a public defender without just compensation.
I would grant rehearing.
FAULKNER, J., concurs.
 APPENDIX A
§ 15-12-21. Appointment and compensation of counsel — Trial court.
(a) If it appears to the trial court that such defendant is entitled to counsel, that such defendant does not expressly waive the right to assistance of counsel and that such defendant is not able financially or otherwise to obtain the assistance of counsel, the court shall appoint counsel to represent and assist the defendant; and it shall be the duty of such appointed counsel, as an officer of the court and as a member of the bar, to represent and assist said defendant.
(b) Counsel appointed in such cases shall be entitled to receive for their services a fee to be fixed by the trial court. The amount of such fee shall be based on the number of hours spent by the attorney in working on such case and shall be computed at the rate of $20.00 per hour for time expended in court and $10.00 per hour for the time reasonably expended out of court in the preparation of such case. Such counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in such defense. The total fees and expenses to any one attorney in any one case, including fees for services rendered in preliminary hearing and in ancillary proceedings, shall not, however, exceed $500.00.
(c) Within a reasonable time after the conclusion of the trial or ruling on a motion for a new trial or after an acquittal or other judgment disposing of the case, counsel shall submit to the trial court a bill for services rendered, not to exceed the amount provided in subsection (b) of this section, and such bill, if approved by the trial court, shall be submitted by the clerk of the court to the state comptroller for audit and allowance and, if approved by the comptroller, shall be forwarded to the state treasurer for payment. (Acts 1963, No. 526, p. 1136, §§ 2, 3; Acts 1971, No. 2420, p. 3851.)
§ 15-12-22. Same — Appeals.
(a) In all criminal cases wherein a defendant has been convicted of a serious offense in which an appeal lies directly to the supreme court or court of criminal appeals and the defendant expresses his desire to appeal such conviction, the court shall cause to be entered upon its minutes a recital of notice of appeal, and the court shall then ascertain and make findings in reference to the appeal concerning those items listed in section 15-12-20.
(b) If it appears that the defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and the defendant expresses the desire for assistance of counsel, the trial court shall appoint counsel to represent and assist the defendant on appeal. The presiding judge of the court to which the appeal is taken shall have authority to appoint counsel in the event the trial court fails to appoint and in the event it becomes necessary to further provide for counsel. It shall be the duty of such counsel, as an officer of the court and as a member of the bar, to represent and assist such defendant in the appeal.
(c) Counsel appointed for the appeal shall be entitled to receive for their services a fee *Page 536 
to be fixed by the appellate court. The amount of such fee shall be based on the number of hours spent by the counsel in working on such appeal and be computed at the rate of $20.00 per hour for time expended in court and $10.00 per hour for time reasonably expended out of court in the preparation of such appeal. Such counsel shall also be entitled to be reimbursed for any expenses reasonably incurred in preparing and handling such appeal. The total fees and expenses awarded to any one attorney in any one case, including fees on the trial of the case in the lower court, on the appeal and in any ancillary proceedings, shall not, however, exceed $1,000.00.
(d) Within a reasonable time after the disposition of the appeal, counsel shall submit to the appellate court a bill for services rendered, not to exceed the amount provided in subsection (c) of this section, and such bill, when approved by the presiding judge or chief justice of the appellate court, shall be submitted by the clerk of the appellate court to the state comptroller for audit and allowance and, if approved by the comptroller, forwarded to the state treasurer for payment. (Acts 1963, No. 526, p. 1136, §§ 4, 5; Acts 1971, No. 2420, p. 3851.)
§ 15-12-23. Same — Postconviction proceedings.
(a) In proceedings filed in the district or circuit court involving the life and liberty of those charged with or convicted of serious criminal offenses, including proceedings for habeas corpus and coram nobis or other postconviction remedies, and in appeals, post-trial motions in such proceedings, the trial or presiding judge or chief justice of the court in which such proceedings may be commenced or pending may appoint counsel to represent and assist those persons so charged or convicted if it appears to the court that the person charged or convicted is unable financially or otherwise to obtain the assistance of counsel and desires the assistance of counsel and it further appears that counsel is necessary in the opinion of such judge to assert or protect the rights of such person.
(b) It shall be the duty of such counsel as provided in subsection (a) of this section to represent and assist the person in such proceeding.
(c) The counsel appointed in such proceedings shall be entitled to receive for his services a fee to be fixed by the judge appointing him. The amount of such fee shall be based on the number of hours spent by counsel in working on such proceedings and be computed at the rate of $20.00 per hour for time expended in court and $10.00 per hour for time reasonably expended in preparation of such proceedings; provided, that the total amount of compensation to counsel for such proceedings shall not exceed $300.00, nor shall the total amount awarded to any one attorney for any one case, including fees on the trial of the case in the lower court, on the appeal and in any ancillary proceedings, exceed $1,000.00.
(d) Claim for such fee shall be submitted, approved and paid in the same manner as provided in subsection (d) of section15-12-22. (Acts 1963, No. 526, p. 1136, § 7; Acts 1971, No. 2420, p. 3851.)